IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,                         ORDER

        v.                               12-cr-60-wmc-1

SHANE A. OLSON,

        Defendant.

---

A hearing on the probation office's petition for judicial review of Shane A. Olson's supervised release was held on October 20, 2016, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Kevin Burke. The defendant was present in person and by defense counsel David R. Karpe. Also present was Senior U.S. Probation Officer Kristin Kiel.

FACTS

From the record, I make the following findings of fact. The defendant was sentenced in the Western District of Wisconsin on October 2, 2012, following his conviction for possessing a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. The defendant was committed to the custody of the Bureau of Prisons to serve a term of 48 months' imprisonment, with a three-year term of supervised release to follow.

The defendant began his term of supervised release on April 8, 2016. On September 23, 2016, a Petition for Summons was submitted to the Court after the defendant violated Standard Condition and Special Condition No. 4, requiring him to abstain from the use of alcohol and illegal drugs and to participate in substance abuse treatment and drug testing. Specifically, on August 8,

1

2016, the defendant submitted a urine specimen that tested positive for opiates and benzodiazapenes. On August 15, 2016, the defendant also registered a .042% blood alcohol content on a breathalyzer test. On that same day, a random urinalysis test indicated that he had again used benzodiazapenes and opiates. In both instances, the defendant admitted using prescription medication that did not belong to him. In addition, the defendant failed to attend substance abuse counseling on June 10, July 15 and September 19, 2016. The defendant further failed to report for random urinalysis testing on June 29, September 19 and September 21, 2016.

Finally, the defendant violated Special Condition No. 5, requiring him to participate in mental health referral, assessment, and treatment after being referred to Dr. Moran for outpatient mental health counseling. On August 22, 2016, the defendant cancelled his counseling appointment and rescheduled the appointment for September 2, 2016. The defendant then cancelled that appointment as well, and he has made no attempt to reschedule.

The defendant's violations fall into the category of a Grade C violation under USSG § 7B1.1(a)(3). In addressing Grade C violations, the Court may revoke supervised release, extend the term of supervised release, or modify the conditions of supervised release.

## CONCLUSIONS

The defendant's criminal history category is III. With a Grade C violation, the defendant has an advisory guideline range of imprisonment of 8 to 14 months. The statutory maximum to which the defendant can be sentenced upon revocation is two years, pursuant to 18 U.S.C. § 3583(e)(3), because the offense of conviction is a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment.

The defendant has declined to participate in court-ordered substance abuse and mental health counseling. He has not been amenable to working with probation office to address his

noncompliance through an alternative to revocation. He has admitted to obtaining and using prescription medication illegally. Continued supervision in this case is rendered futile by the defendant's decision not to address his substance abuse and mental health problems. After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I have selected not to revoke the defendant's supervised release at this time. The defendant is ordered to complete Rock Valley Community Program's residential substance abuse treatment program. He is to enter the facility today, October 21, 2016, at 1:00 p.m. Given his past violations, failure to complete the program will be a treated as a further violation of supervised release, resulting in revocation and be grounds for an above guidelines sentence.

## ORDER

IT IS ORDERED that the period of supervised release imposed on the defendant on October 2, 2012 is CONTINUED, and that the defendant is to complete 60 days inpatient residence at Rock Valley Community Programs with a self-report date of October 21, 2016.

Entered this 21st day of October, 2016.

BY THE COURT:

William M. Conley
District Judge